
FILED
2009 Mar-09  AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL | } | |
| INSURANCE COMPANY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. 08-B-0358-W |
| | } | |
| ANTHONY GRAY; KELVIN GRAY; | } | |
| BARBARA GRAY; KELVIN ALLEN, | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is before the court on defendants Barbara Gray, Anthony Gray, and

Kelvin Allen's ("the defendants")[1] Motion to Dismiss, (doc. 3),[2] as well as on plaintiff

Nationwide Mutual Insurance Company's ("Nationwide") Application for Entry of

---

[1] The Motion to Dismiss was filed only on behalf of "Defendants Anthony Gray, Kelvin Allen, and Barbara Gray," (doc. 3 at 1), and not on behalf of the fourth defendant, Kelvin Gray, although a later document states that the other three defendants seek to assert the assert the Motion to Dismiss "on behalf of Kelvin Gray to the extent allowed by law." (Doc. 5 at 1–2.) That document clarifies, however, that the attorneys filing the Motion to Dismiss, Gene Moore ("Moore") and Alan Vickrey ("Vickrey"), have not been hired by Kelvin Gray and are not his attorneys of record. (*Id.*) As a result, Kelvin Gray has not entered an appearance or filed a responsive pleading in this case.

Additionally, Nationwide points out in its opposition to the motion to dismiss that there would be a potential conflict of interest if Moore and Vickrey do indeed represent and appear for Kelvin Gray, since Moore and Vickrey represented Anthony Gray, Barbara Gray, and Kelvin Allen in the underlying state court action on which this suit is based, and in which those individuals brought suit against Kelvin Gray. (Doc. 7 at 2.) Kelvin Gray appears to have had representation in the underlying state court action, by attorneys Randall Morgan and David W. Henderson, (doc. 3-2 at 5; doc. 7 at 2), but again, no attorney nor Kelvin Gray himself has specifically filed an appearance with this court.

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Default, (doc. 4),[3] Motion to Moot Motion for Entry of Default Judgment, (doc. 6), and

Motion to Strike Defendants' Reply Brief, (doc. 12).  Based on the record, the

submissions of the parties, the arguments of counsel, and the relevant law, the court is of

the opinion that Nationwide's Application for Entry of Default is due to be denied with

respect to Anthony Gray and Kelvin Allen and granted with respect to Kelvin Gray;

Nationwide's Motion to Moot Motion for Entry of Default Judgment is due to be granted

with respect to Anthony Gray and Kelvin Allen and denied with respect to Kelvin Gray;

the defendants' Motion to Dismiss is due to be denied in part and granted in part; and

Nationwide's Motion to Strike Defendants' Reply Brief is due to be denied.

## I. PROCEDURAL BACKGROUND

Nationwide filed this declaratory judgment action regarding its liability for a car

accident after it discovered that a state court action about the same matter, filed in the

Circuit Court of Greene County, had been dismissed without prejudice on February 4,

2008.  That state court action, *Anthony Gray, et al. v. Kelvin Gray, et al.* ("the *Gray*

action"), No. 2007-0049, was filed by Barbara Gray, a Nationwide policyholder and the

alleged owner of the vehicle involved in the accident, as well as Anthony Gray and

Kelvin Allen, two uninsured motorists, against Nationwide Insurance Company of

America[4] and against Kelvin Gray, as the driver of the vehicle.  (Doc. 1 at ¶ 12, Ex. 3.)

---

[3] Although this document was entitled "Application," the court treats it as a motion for entry of default.

[4] Nationwide admits that Nationwide Insurance Company of America was improperly named as a defendant in the *Gray* action and that Nationwide Mutual Insurance Company is the proper

The *Gray* action also named three other defendants: Anthony Davis, from the Alabama Department of Public Safety; Craig Michael; and Ashley Nicole Thames, one of Nationwide's insurance agents.  (Doc. 1, Ex. 3.)  According to the docket sheet for the *Gray* action, submitted to the court by Nationwide, the state court dismissed that action without prejudice as to all of the defendants, (*id.*), but provided no explanation for the dismissal.  As discussed below, the defendants contend that the *Gray* action was dismissed *accidentally*, through either a clerical mistake or a misunderstanding, and they append to their motion to dismiss the "Motion to Set Aside Dismissal, Reinstate the Action and to Correct the Record," (doc. 3-2 at 1–2), that they filed in the *Gray* action on March 13, 2008.[5]  With the *Gray* action presently dismissed, but pending resolution by the state court of the Motion to Set Aside Dismissal, Nationwide now seeks a declaratory judgment by this court that it 1) has no duty to defend or indemnify Kelvin Gray for any underlying claims, and 2) does not owe coverage to Barbara Gray, Anthony Gray, or Kelvin Allen.  (Doc. 1 at ¶ 17.)  Nationwide claims that its policy provisions preclude coverage for any of the defendants, and that the defendants breached the insurance policy such that Nationwide is relieved from any coverage.  (Doc. 1 at ¶¶ 13, 14.)

---

party.  (Doc. 7 at ¶ 2.)  In fact, the defendants (who were the plaintiffs in the *Gray* action) had apparently filed an Amended Complaint "dismissing Nationwide Insurance Company of America without prejudice and adding/substituting Nationwide Mutual Insurance Company in its place" on January 24, 2008, just prior to a January 31, 2008, pretrial conference and to the state court's dismissal of the action.  (Doc. 3-2 at 1.)  Notably, the state court docket sheet provided to the court does not reflect that Nationwide Mutual Insurance Company was ever added as a party, or, for that matter, that Nationwide Insurance Company of America was ever removed.

[5] To the court's knowledge, the state court has not yet ruled on this motion.

## II. APPLICATION FOR ENTRY OF DEFAULT & MOTION TO MOOT MOTION FOR ENTRY OF DEFAULT

All the defendants were served on March 1, 2008, giving them a deadline to answer of March 21, 2008.[6]  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  A motion to dismiss was filed by Barbara Gray, Anthony Gray, and Kelvin Allen[7] on March 18, 2008, before the deadline to answer had expired.  (Doc. 3 at 1.)  Nationwide filed its Application for Entry of Default, (doc. 4), seeking an entry of default as to Anthony Gray, Kelvin Allen, and Kelvin Gray, on March 25, 2008, four days after the deadline to answer.

In recognition that the motion to dismiss had been filed, and thus that a timely appearance was made by Anthony Gray and Kelvin Allen, Nationwide filed a Motion to Moot Motion for Entry of Default, (doc. 6), on March 28, 2008.  In this subsequent motion, Nationwide has requested that the court moot its Application for Entry of Default as to Kelvin Gray as well as to Anthony Gray and Kelvin Allen, perhaps because the defendants' opposition to the Application of Entry of Default states that "the Motion to Dismiss is reasserted on behalf of Kelvin Gray to the extent allowed by law," and because the docket sheet reflects Kelvin Gray as being represented by the same counsel as the

---

[6] Although Kelvin Gray has not appeared in this action and thus has not contested that service upon him was perfected, the court notes that the return receipt for Kelvin Gray's summons was signed by Barbara Gray, who appears to reside at the same address as Kelvin Gray (though the exact relationship between the two is unclear), and who, as noted above, was an opposing party to Kelvin Gray in the *Gray* action.  According to Nationwide's complaint in the current case, Kelvin Gray was the driver of the car that was insured under Barbara Gray's policy with Nationwide.  (Doc. 1 at ¶¶ 11–12.)

[7] The court's docket sheet only reflects the filing as being made by Barbara Gray, but the motion itself is clear that it is filed by "[d]efendants Anthony Gray, Kelvin Allen, and Barbara Gray." (Doc. 3 at 1.)

4

other defendants; however, since it is clear that Kelvin Gray is *not* represented by that counsel and has not consented to the motion to dismiss, (doc. 5 at 1–2), Kelvin Gray has not yet appeared before the court.  Thus, Nationwide's Application for Entry of Default remains appropriate as to defendant Kelvin Gray, so it is due to be granted with respect to Kelvin Gray and denied with respect to defendants Anthony Gray and Kelvin Allen. Likewise, Nationwide's Motion to Moot Motion for Entry of Default is due to be denied with respect to Kelvin Gray and granted with respect to Anthony Gray and Kelvin Allen.

### III. MOTION TO DISMISS & MOTION TO STRIKE REPLY BRIEF

In their Motion to Dismiss, (doc. 3), defendants Barbara Gray, Anthony Gray, and Kelvin Allen seek to dismiss Nationwide's complaint for lack of proper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure ("the Federal Rules"), or, in the alternative, to transfer and consolidate the case with "ongoing related litigation in the Circuit Court of Green County, Alabama CV-2007-0049."  (Doc. 3 at 1.)  Although the defendants later submitted a reply brief that was entitled, "Response to Nationwide's Motion in Opposition to Motion to Dismiss and/or Defendants **Supplemental Motion to Dismiss**," (doc. 11) (emphasis added), the only argument the defendants make in their initial motion is that the state court accidentally dismissed the *Gray* action and that, pursuant to the defendants' Alabama Rule 60(a)[8] motion, this dismissal is a clerical

---

[8] Rule 60(a) of the Alabama Rules of Civil Procedure, in relevant part, provides:
    Clerical mistakes in judgments, orders, or other parts of the record
    and errors therein arising from oversight and omission may be
    corrected by the court at any time of its own initiative or on the
    motion of any party and after such notice, if any, as the court orders.

mistake that will soon be corrected, thereby reinstating the *Gray* action.  (Doc. 3 at ¶¶ 5–7, 9.)[9]  Although the dismissal by the state court might well have been a "clerical mistake" within the meaning of Alabama Rule 60(a) that could, if corrected, at some point in the future create concurrent jurisdiction between the state and federal courts (with the attendant risk of duplicative litigation), that matter is not before this court.  As far as the court is aware, the state court has not yet ruled on the defendants' motion and reinstated the action, so this court cannot consider the *potential* clerical mistake of the state court as grounds for dismissal of an otherwise properly pled[10] complaint over which this court has jurisdiction.  Based on the argument in the motion to dismiss alone, then, the court is of the opinion that the motion to dismiss is due to be denied.

The defendants' subsequent brief, characterized both as a reply and as a "supplemental motion," was filed on April 21, 2008, one week after the court's April 14, 2008, deadline for any reply to the original motion to dismiss.  (Doc. 8.)  To the court's knowledge, the defendants never sought an extension of time to file a reply nor provided the court with any explanation as to why their brief, to the extent that it is a reply, was submitted one week late.  Although the court has now informed the parties that extensions

Ala. R. Civ. P. 60(a).

[9]  In Plaintiff's Opposition to Defendants' Motion for Leave to file Third Party Complaint and/or Supplemental Motion to Remand, plaintiff states that defendants have filed a new lawsuit in the state court.  (Doc. 17 at 2.)

[10]  As discussed below, the court is of the opinion that Nationwide's fraud allegations are not properly pled, but the court otherwise finds, insofar as the sufficiency of the complaint is in dispute, that the remainder of the complaint meets the pleading requirements of the Federal Rules.

to deadlines in its orders will not be granted **without extraordinary good cause shown**, the court will consider the merits of the defendants' reply brief and accordingly finds Nationwide's Motion to Strike Defendants' Reply Brief, (doc. 12), due to be denied.

In the reply brief/supplemental motion to dismiss, the defendants offer four entirely new arguments for dismissal that were not discussed in its original motion: 1) that Nationwide failed to join an indispensable party, insurance agent Ashley Nicole Thames ("Thames"), whose addition to the complaint would destroy the court's diversity jurisdiction; 2) that the doctrine of abstention prevents the court from exercising concurrent jurisdiction with the state court; 3) that Nationwide has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules; and 4) that Nationwide is estopped from contending that dismissal of the *Gray* action was anything but a mistake. (Doc. 11 at 1–5.)  Nationwide has responded to these arguments as part of its Motion to Strike Defendants' Reply Brief.  (Doc. 12.)

The first argument, that the insurance agent is an indispensable party, is without merit because Nationwide's only apparent claim relates to the extent of its liability under its insurance policy for Barbara Gray, a policy that was clearly "issued by" Nationwide itself, not by Thames.  (Doc. 1 at 23.)  The defendants contend that if Nationwide is asserting fraud as a basis for denying liability under the policy, as some of the policy excerpts Nationwide has copied into its complaint seem to imply, (*id.* at 16), then Thames would be the person deceived and would be an indispensable party, (doc. 11 at 2). However, even if Nationwide is asserting a fraud claim, Thames would still not be an

indispensable party but only an agent of the defrauded entity and a material witness to the fraud; in other words, Thames has no personal claim for relief from the defendants, or from Nationwide, that would prevent the court from according complete and consistent relief among the parties or that would risk impairing Thames's ability to protect an interest. *See* Fed. R. Civ. P. 19. Since Thames is not an indispensable party who should be joined to the case, the court does not evaluate whether such joinder would destroy the court's diversity jurisdiction.

Second, as Nationwide has pointed out, by the terms of the very case cited by the defendants for the abstention doctrine, *Colorado River Water Conservation Dist. v. United States*, the defendants have demonstrated no valid reason why the court should abstain from exercising jurisdiction over this case. *See* 424 U.S. 800, 813–17 (1976) (recognizing that "[o]ur decisions have confined the circumstances appropriate for abstention to three general categories": 1) cases presenting a federal constitutional issue that might be mooted or presented in a different posture following a state court determination of pertinent state law; 2) cases where there are difficult questions of state law bearing on policy problems of substantial public import; and 3) cases where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings). None of the necessary "exceptional circumstances" are present for the court to justify making an exception from the important "duty of a District Court to adjudicate a

controversy properly before it," *see id.* at 813, so the defendants abstention argument is also without merit.[11]

The defendants' third argument for dismissal in their reply/supplemental motion to dismiss is that Nationwide has failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules.[12]  The court agrees with the defendants that Nationwide's complaint contains, at least by implication, a fraud-based claim as a basis for denying liability under the insurance contract.  In particular, Nationwide has included in its complaint excerpts from Barbara Gray's insurance policy regarding "Fraud and Misrepresentation," (doc. 1 at 16), and it has described those excerpts in the complaint as "policy provisions [that] would preclude coverage in this matter," (*id.* at ¶ 13).  Even though Nationwide has brought a declaratory judgment action, and contends that its claims "relate solely to the interpretation of the insurance contract," (doc. 12 at 2), the

---

[11] Significantly, the Supreme Court in *Colorado River* held that while none of the abstention categories were applicable, that case should nevertheless be dismissed "for reasons of wise judicial administration."  *See* 424 U.S. at 818.  The Supreme Court explained its approach as follows:

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums.  No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.

*Id.* at 819 (internal citations omitted).  Considering these factors, the court concludes that "wise judicial administration" favors retention of jurisdiction in this case.

[12] Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Eleventh Circuit has recently found that a complaint in a declaratory judgment action in which fraud was alleged to avoid the payment of life insurance policies must still adhere to the heightened pleading requirements of Rule 9(b). *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064 (11th Cir. 2007). While Nationwide now focuses the court's attention on the policy excerpts in the complaint that relate only to a party's failure to submit to an examination under oath, (doc. 12 at 2), and not to the ones about fraud, Nationwide still admits that part of its action is "to determine whether or not Nationwide owes a defense to Mr. Kelvin Gray in the underlying litigation." (*Id.*) Since Nationwide has not omitted the "Fraud and Misrepresentation" policy provisions from its complaint, it therefore continues to allege these provisions as a possible defense. Insofar as Nationwide does assert those fraud provisions as a defense to its insurance liability, the court finds that Nationwide's fraud allegations are due to be dismissed without prejudice, and that if Nationwide amends its complaint to re-assert these allegations, it must plead them with the particularity required by Rule 9(b) and follow the conditions prescribed by the Eleventh Circuit, namely: "The plaintiff's complaint must allege the details of the defendants [sic] allegedly fraudulent acts, when they occurred, and who engaged in them." *See Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) (per curiam).

Fourth and finally, the defendants maintain that dismissal of the entire case is appropriate on grounds of equitable estoppel, arguing that Nationwide was aware that the state court's dismissal of the *Gray* action was a clerical mistake, especially since no

dismissal order was issued from the presiding judge, and that Nationwide has already availed itself of the jurisdiction of the state court and should be willing to litigate this matter in that forum.  (Doc. 11 at 4–5.)  As the court has noted above, while the state court might indeed have made a clerical mistake, with serendipitous consequences for Nationwide and problematic ones for the defendants, neither the court nor the parties (as far as the court can tell) can be certain at this point that the dismissal was unintentional, and, there is nothing from which Nationwide can be estopped, at least in terms of the issues argued by the defendants.  In this court, Nationwide has filed an action that, with the exception of the fraud allegations, is properly pled, so the court finds no reason to dismiss the case at this time.

## IV. CONCLUSION

Based on the foregoing, the court is of the opinion that Nationwide's Application for Entry of Default, (doc. 4), is due to be denied with respect to Anthony Gray and Kelvin Allen and granted with respect to Kelvin Gray and, conversely, its Motion to Moot Motion for Entry of Default Judgment, (doc. 6), is due to be granted with respect to Anthony Gray and Kelvin Allen and denied with respect to Kelvin Gray.  In addition, the defendants' Motion to Dismiss, (doc. 3), is due to be denied with respect to all of Nationwide's complaint *except* for any allegations relating to the "Fraud and Misrepresentation" policy provisions, (doc. 1 at 16), which are due to be dismissed without prejudice pursuant to Rule 9(b) of the Federal Rules.  Finally, Nationwide's

Motion to Strike Defendants' Reply Brief, (doc. 12), is due to be denied.  An Order in

accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 9th day of March, 2009.


SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE