UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. 7:08-CV-0358-SLB |
| | } | |
| ANTHONY GRAY; KELVIN GRAY; BARBARA GRAY; KELVIN ALLEN, | } | |
| | } | |
| Defendants. | } | |
| | | |
| KELVIN GRAY, | } | |
| | } | |
| Counter Claimant, | } | |
| | } | |
| vs. | } | |
| | } | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | } | |
| | } | |
| Counter Defendant. | } | |

**MEMORANDUM OPINION**

This case is currently before the court on plaintiff/counter defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Dismiss Kelvin Gray's Counterclaim. (Doc. 34.)[1] For the reasons stated below, Nationwide's Motion to Dismiss is due to be granted.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

On February 28, 2008, Nationwide filed a Complaint for Declaratory Judgment against, *inter alia*, defendant/counter claimant Kelvin Gray ("Kelvin Gray"), requesting that the court determine Nationwide's rights, duties, and obligations under an insurance policy (the "Policy"). (Doc. 1 at 10.) Kelvin Gray filed his initial Answer to Nationwide's Complaint on March 31, 2009.[2] (Doc. 25.) On April 2, 2009, the court held a scheduling conference. (*See* Doc. 29.) Then, on April 3, 2009, Kelvin Gray filed an Amended Answer. (Doc. 26.) Thereafter, on April 9, 2009, the court entered a Scheduling Order, which, *inter alia*, specified deadlines, procedures, and briefing requirements, and specifically reminded the parties of certain requirements under the Federal Rules of Civil Procedure. (Doc. 29.)

On April 27, 2009, Kelvin Gray filed a Counterclaim Complaint. (Doc. 32.) In the Counterclaim Complaint, Kelvin Gray asserts three counts against Nationwide for conduct arising out of Nationwide's handling of a claim filed under the Policy.[3] (*Id.* at 1-3.) Subsequently, on May 11, 2009, Nationwide filed its Motion to Dismiss Kelvin Gray's Counterclaim. (Doc. 34.) In the Motion, Nationwide argues that the court should dismiss the Counterclaim Complaint because (1) it was untimely filed, (2) Kelvin Gray lacks standing to pursue claims based on Nationwide's failure to defend and indemnify, because he has no

---

[2] Although Nationwide contends that Kelvin Gray filed his initial Answer on March 26, 2008, (*see* Doc. 34 at 1), that Answer was filed by counsel for defendants Anthony Gray, Barbara Gray, and Kelvin Allen, not by counsel for Kelvin Gray, (*see* Doc. 5 at 1-2). As aforementioned, Kelvin Gray did not file his initial Answer until March 31, 2009. (Doc. 25 at 1; Doc. 19 at n.1.)

[3] Count I of the Counterclaim Complaint asserts a claim for breach of contract, Count II for bad faith, and Count III for deceit and suppression. (Doc. 32 at 1-3.)

2

damages, (3) Kelvin Gray's claims based on failure to pay uninsured/underinsured benefits are not ripe, and (4) Kelvin Gray failed to plead his deceit/suppression claim with the requisite specificity required by Fed. R. Civ. P. 9(b). (*Id.* at 1-6.) On May 19, 2009, Kelvin Gray filed his Response to Plaintiff's Motion to Dismiss, stating that:

1. This court held a scheduling and status hearing on April 2nd, 2009 where all attorneys attended by telephone.

2. At said hearing, counsel for Mr. Kelvin Gray informed the court that after he submitted his amended answer, he would be filing a counterclaim against Plaintiff.

3. This court entered an Order April 9th, 2009, see court document No. 29[,] following the said hearing. In said Order, paragraph eleven (11), states that "Defendant[s'] are allowed until May 28th, 2009[,] to . . . amend the pleadings."

4. Counsel for Kelvin Gray submitted and filed his counterclaim on April 27th, 2009. [S]ee court document No. 32.

5. Certainly, counsel for Plaintiff cannot assert they are prejudiced in anyway by this Defendant's counterclaim asserted within the time frame issued by this court.

   **WHEREFORE**, premises considered, this Defendant moves this Honorable Court to deny Plaintiff's Motion to Dismiss Kelvin Gray's counterclaim.

(Doc. 35 at 1-2.) Kelvin Gray's Response did not address Nationwide's other grounds for dismissal. (*See id.*)

Next, on January 11, 2010, counsel for Kelvin Gray filed a Motion to Withdraw, (Doc. 47), which the court granted on January 21, 2010, (Doc. 50). The court ordered Kelvin Gray to notify the court on or before March 8, 2010, as to the status of his employment of new counsel. (*Id.* at 1.) New counsel for Kelvin Gray entered an appearance on March 8, 2010.

(Doc. 51.) Thereafter, while not in a formal response to Nationwide's Motion to Dismiss Kelvin Gray's Counterclaim, Kelvin Gray's new attorney did, in a Response to Nationwide's Motion for Summary Judgment,[4] assert arguments for denying Nationwide's Motion to Dismiss. (*See* Doc. 52 at 5-6.) However, those arguments simply reasserted the same arguments stated in Kelvin Gray's initial Response to Plaintiff's Motion to Dismiss, and thus likewise failed to address Nationwide's other grounds for dismissal. (*Compare* Doc. 35 at 1-2, *with* Doc. 52 at 5-6.)

Rule 13 of the Federal Rules of Civil Procedure provides that unless a counterclaim "matured or was acquired by the party after serving an earlier pleading," the counterclaim, compulsive or permissive, shall be set forth in the responsive pleading. Fed. R. Civ. P. 13(a)(1), (b), (e). That said, the responsive pleading may be amended "once as a matter of course" within 21 days, or, if the pleading may not be amended as a matter of course, "with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."[5] Fed. R. Civ. P. 15(a)(1), (2).

---

[4] Nationwide filed its Motion for Summary Judgment on November 19, 2009. (Doc. 36.) This Memorandum Opinion does not address the Motion for Summary Judgment; the court will instead rule on that Motion following oral argument, currently set for May 18, 2010. (*See* Doc. 50.)

[5] Prior to the 2009 Amendments to the Federal Rules of Civil Procedure, Rule 13 provided, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). After the 2009 Amendments, "[a]n amendment to add a counterclaim [is] governed by Rule 15." Fed. R. Civ. P. 13 advisory committee's notes (2009 Amendments). "When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered – as they should be – according to the same standard directing that leave should be freely given when justice so requires." *Id*.

4

Kelvin Gray filed his Counterclaim Complaint on April 27, 2009, more than twenty-one days after filing his initial Answer. (*See* Doc. 25; Doc. 32.) Additionally, Kelvin Gray had already filed an Amended Answer. (*See* Doc. 26.) As a result, under Rule 15 of the Federal Rules of Civil Procedure, and moreover pursuant to the specific instructions set out in the court's Scheduling Order,[6] to amend his Amended Answer and assert a counterclaim, Kelvin Gray was required to file a Motion for Leave to Amend. (Doc. 29 at 3-4.) However, Kelvin Gray did not file a motion seeking the court's leave to amend his Amended Answer and assert the counterclaims,[7] nor did Kelvin Gray obtain Nationwide's written consent.[8] Therefore, because Kelvin Gray failed to seek the court's leave prior to filing the

---

[6] The Scheduling Order states in pertinent part that:

> 11.   **Parties and Pleadings**: Plaintiff is allowed until **April 30, 2009**, to join additional parties and to amend the pleadings. Defendants are allowed until **May 28, 2009**, to join additional parties and amend the pleadings.
>
> **Unless the party's pleading may be amended as a matter of course pursuant to Fed. R. Civ. P. 15(a), the party must file a Motion for Leave to Amend. Such Motion for Leave to Amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed Amended Complaint or Amended Answer, which is suitable for filing.**

(Doc. 29 at 3-4 (footnote omitted) (emphasis in original).)

[7] Kelvin Gray seems to argue that because the court's Scheduling Order allowed Defendants until May 28, 2009 "to join additional parties and to amend the pleadings," that filing a Motion for Leave to Amend was unnecessary. (*See* Doc. 35 at 1-2; Doc. 52 at 5-6.) The plain language of the Order's next sentence specifies otherwise. (Doc. 29 at 3-4.)

[8] Of course, under the court's Scheduling Order, even if Kelvin Gray had obtained Nationwide's written consent, Kelvin Gray was still required to file a Motion for Leave to Amend. (*See* Doc. 29 at 3-4.)

5

Counterclaim Complaint, because any such motion would now be untimely, and because the court finds that justice does not require otherwise,[9] the court is of the opinion that Nationwide's Motion to Dismiss Kelvin Gray's Counterclaim is due to be granted.[10]

For all that, it should also be reiterated that Kelvin Gray, whether through his former or current attorney, has never addressed Nationwide's other grounds for dismissing the Counterclaim Complaint. (*See* Doc. 34 at 1-6; Doc. 35 at 1-2; Doc. 52 at 5-6.) Yet, "this Court is not under a duty to exercise imagination or conjure what a party might have argued, but did not argue; nor is this Court obliged to do counsel's work for him. Accordingly, a party's decision not to proffer argument or authority in response to a dispositive motion is at his peril." *Kirkland v. County Comm'n of Elmore County*, No. 2:08cv86-MEF, 2009 WL 596538, *2 (M.D. Ala. Mar. 6, 2009) (citing *Lyes v. City of Riviera Beach*, 126 F.3d 1380, 1388 (11th Cir. 1997); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) (internal citations omitted). Therefore, because Kelvin Gray has failed to address any of Nationwide's other grounds for dismissing the counterclaims, the court further finds that, as an alternative to the untimeliness of the counterclaims, Kelvin Gray has also abandoned them. *See Richardson v. Honda Mfg. of Ala., LLC*, 635 F. Supp. 2d 1261, 1272

---

[9] Pertinent to this finding is the fact that Kelvin Gray has not, at any point, addressed Nationwide's other grounds for dismissing the Counterclaim Complaint.

[10] Rule 16(f) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

n.7 (N.D. Ala. 2009) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001); *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *McMaster v. United States*, 177 F.3d 936, 940-41 (11th Cir. 1999); *Resolution Trust Corp.*, 43 F.3d at 599; *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994); *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001); *Bute v. Schuller Int'l, Inc.*, 998 F. Supp. 1473, 1477 (N.D. Ga. 1998)).

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Nationwide's Motion to Dismiss Kelvin Gray's Counterclaim is due to be granted. An Order granting Nationwide's Motion to Dismiss, (Doc. 34), and dismissing the Counterclaim Complaint, (Doc. 32), will be entered contemporaneously.

**DONE**, this 31st day of March, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE