FILED

2010 Jun-01  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **vs.** } | **CASE NO.  7:08-CV-0358-SLB** |
| } | |
| **ANTHONY  GRAY;  KELVIN  GRAY; BARBARA GRAY; KELVIN ALLEN,** } | |
| } | |
| **Defendants.** } | |

## <u>MEMORANDUM OPINION</u>

This case is currently before the court on plaintiff Nationwide Mutual Insurance Company's ("Nationwide") Motion for Summary Judgment.  (Doc. 36).[1]  Also before the court are defendants Anthony Gray, Barbara Gray, and Kelvin Allen's Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43), Defendant[s'] Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order, (Doc. 48), and Nationwide's Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment, (Doc. 56).

Nationwide has filed a Complaint for Declaratory Judgment, asking the court to "declar[e] that Nationwide does not have a duty to defend and/or indemnify [defendant]

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Kelvin Gray for any of the underlying claims and that it does not owe coverage to [defendants] Anthony Gray, Barbara Gray and Kelvin Allen due to their breach of the policy." (Doc. 1 ¶ 17.)  Upon consideration of the record, the submissions of the parties,[2] the arguments of counsel, and the relevant law, the court is of the opinion that Nationwide's Motion for Summary Judgment, (Doc. 34), is due to be granted, Defendants['] Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), is due to be denied, Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43), is due to be granted, Defendant[s'] Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order, (Doc. 48), is due to be denied, and Nationwide's Motion to Strike Kelvin Gray's Response to Nationwide's Motion

_____

[2] Exhibit A to the Scheduling Order provides:

> The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions.  Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline.  ***The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.***  The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

(Doc. 29, Ex. A at 1 (emphasis added).)  Defendants did not file timely responses to Nationwide's Motion for Summary Judgment.  Defendants' failure to do so is the subject of defendants Barbara Gray, Anthony Gray, and Kelvin Allen's Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), as well as Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43), and its Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment, (Doc. 56).  However, as stated below, *see infra* Parts III.A-B, D, Defendants['] Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), is due to be denied, Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43), is due to be granted, and Nationwide's Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment, (Doc. 56), is due to be granted.

for Summary Judgment, (Doc. 56), is due to be granted.

## I.  SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255.  Nevertheless, the non-moving party "need not be given the benefit of every

inference but only of every *reasonable* inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)) (emphasis added).

## II.  FACTUAL AND PROCEDURAL HISTORY

Nationwide filed its Complaint for Declaratory Judgment on February 28, 2008. (Doc. 1.)  On April 9, 2009, the court entered a Scheduling Order, which set October 15, 2009 as the deadline to complete discovery, and November 19, 2009 as the deadline for filing dispositive motions; the court attached to the Order, as Exhibit A, the court's Summary Judgment Requirements.  (Doc. 29 at 2, 4, & Ex. A.)  Thereafter, on November 19, 2009, Nationwide filed its Motion for Summary Judgment.[3]  (Doc. 36.)  The following facts are set forth in Nationwide's Motion for Summary Judgment.   Defendants did not file timely responses to the Motion, and therefore have not disputed these facts, which are supported by the record evidence submitted by Nationwide.  As a result, these facts are deemed admitted.[4]

> 1.  On or about December 3, 2006, an automobile accident occurred on County Road 208 at or near its intersection with U.S. Highway 11 in Greene County,

---

[3] Contemporaneously with the Motion, Nationwide filed its Notice of Filing of Evidence in Support of Motion for Summary Judgment, attaching sixteen exhibits.  (Doc. 37.)  On November 25, 2009, Nationwide filed a Supplemental Notice of Filing of Evidence in Support of Motion for Summary Judgment, attaching a seventeenth exhibit.  (Doc. 39.)

[4] Exhibit A to the Scheduling Order states, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment."  (Doc. 29, Ex. A at 4 (emphasis removed).)

Alabama involving vehicles operated by Kelvin Gray and Anthony S. Davis; the 2002 Mitsubishi Lancer driven by Kelvin Gray was owned by Barbara Gray.  [(Doc. 37, Ex. 1 at 1.)]

    2.  The front of the vehicle being operated by Kelvin Gray collided with the rear of the vehicle being operated by Anthony Davis at 3:30 a.m. on December 3, 2006.  [(*Id*. at 2.)]

    3.  Both Kelvin Gray and Anthony Davis were cited with driving under the influence and it was the officer's opinion that they were under the influence of alcohol.  [(*Id*. at 1-2.)]

    4.  Anthony Gray, Kelvin Allen[, Devin Adler,] and Jamal Jordan were passengers in the vehicle being operated by Kelvin Gray.  [(*Id*., Ex. 2 at 11; *id*., Ex. 15 ¶ 3.)]

    5.  Subsequent to the motor vehicle accident, Anthony Gray departed the vehicle being operated by Kelvin Gray and walked up toward the vehicle that had been operated by Anthony Davis, according to an Alabama Uniform Incident Offense Report, which states:

> Victim reported to the Sheriff Office that he was shot after a traffic accident in front of Chevron on County Road 208.  He stated that he was riding in the car with Kelvin Gray when he hit Amp Davis  from behind, after the cars came to a stop he got out and went to the car to see if everyone was okay and the driver pulled out a gun.  The victim reported that he took off running and fell after he was struck by a bullet in the back.

[(*Id*., Ex. 3 at 2.)]

    6.  At the time of the accident, Barbara Gray was insured by Nationwide; Barbara Gray [had] completed an application for automobile insurance [for the Lancer] on or about July 18, 2006.  [(*Id*., Ex. 4; *id*., Ex. 5 at 3, 6; *id*., Ex. 16 ¶ 3.)]

    7.  Under "driver and household information" on the application, the only listed driver was Barbara Gray.  [(*Id*., Ex. 5 at 2.)]

    8.  Under "closing statement" in the application, it states:

> Failure to disclose a driver or member of the household will be considered [a] material misrepresentation and may constitute grounds for denial of coverage.

[(*Id.* at 5.)]

9.   Above where Barbara Gray [had] signed the insurance application, she initialed the following statement:

> All operators and drivers who may operate the vehicle(s) identified in this application or may have access to the vehicle(s) for the purpose of operating and/or driving the vehicle(s) and all persons residing at the address listed on this application and at the garaging address(es) of said vehicle(s), have been disclosed and listed on this application.

[(*Id.* at 6.)]

10.   Had Kelvin Gray been disclosed at the time of Barbara Gray's application for insurance, the policy would not have been issued as written because the premium would have been higher.  [(*Id.*, Ex. 15 ¶ 5.)]

11.   On December 4, 2006, Nationwide sent a letter to Barbara and Calvin[5] Gray stating that there were potential coverage questions that were being investigated concerning whether Kelvin Gray was a listed driver on the policy.  [(*Id.*, Ex. 6 at 1.)]

12.   On December 7, 2006, Kelvin Gray provided a recorded interview to Nationwide in which he stated that he had lived with his mother at her home address for approximately eleven years; he said that during that eleven[-]year period of time, he lived with his father from March of 2005 through May of 2006; he said his father died in May 2006 and he moved back in with his mother in the middle of July 2006. [(*Id.*, Ex. 2 at 2-3; *id.*, Ex. 15 ¶ 4.)]

13.   Kelvin Gray stated that prior to his father's death, the Mitsubishi Lancer he was driving at the time of the instant accident had been owned by his father, but that title passed to his mother after his father died; Kelvin Gray stated that before his father died, he was the primary driver of the vehicle and continued to regularly operate the vehicle after his father's death.  [(*Id.*, Ex. 2 at 5-7.)]

14.   On or about April 30, 2007, Gene T. Moore's legal assistant wrote Nationwide requesting uninsured/underinsured motorist benefits and medical pay benefits for his client, Anthony Gray.  [(*Id.*, Ex. 13.)]

15.   On May 16, 2007, Nationwide requested an Examination Under Oath of Kelvin Gray as required under the policy of insurance issued by Nationwide to

---

[5] This refers to defendant Kelvin Gray.

Barbara Gray; [Kelvin] Gray did not appear for his Examination Under Oath.  [(*Id.*, Ex. 7.)]

16.  On June 7, 2007, Nationwide sent a letter to Anthony Gray and Barbara Gray acknowledging their claim and stating there were coverage questions concerning whether the gun shot injury sustained by Anthony Gray was covered under the policy of insurance issued to Barbara Gray.  [(*Id.*, Ex. 8.)]

17.  On June 18, 2007, a letter was sent by Nationwide to Anthony Gray concerning its previous reservation of rights dated June 7, 2007 providing an update concerning Nationwide's investigation of his claim.  [(*Id.*, Ex. 9.)]

18.  On September 5, 2007, Nationwide, through its attorney, J. Michael Crouch, requested an Examination under Oath of Anthony Gray on September 13, 2007.  [(*Id.*, Ex. 10.)]

19.  On September 12, 2007, counsel for Anthony Gray informed Attorney Crouch that he was canceling the Examination Under Oath.  [(*Id.*, Ex. 11.)]

20.  On or about September 17, 2007, Anthony Gray, Kelvin Allen and Barbara Gray filed suit against Kelvin Gray, Anthony Davis and Nationwide in Greene County, Alabama.  [(*Id.*, Ex. 14.)]

21.  On October 12, 2007, Nationwide issued a reservation of rights letter to Kelvin Gray and Barbara Gray relative to a lawsuit filed by Anthony Gray, Kelvin Allen and Barbara Gray against Kelvin Gray, Anthony Davis and Nationwide Insurance Company of America, Club 205, Inc., et al.  [(*Id.*, Ex. 12.)]

22.  The Nationwide automobile insurance policy issued to Barbara Gray contains the following relevant policy provisions:

**INSURED PERSONS' DUTIES AFTER AN ACCIDENT OR LOSS**

The insured will:

* * *

4.      submit to examinations under oath as often as reasonably [requested] by us.

[(*Id.*, Ex. 4 at D2 [emphasis deleted].)]

*Medical Payments*

*Coverage Agreement*

We will pay for usual, customary and reasonable charges:

1.      for expenses incurred for:
      a)      medically necessary services; or
      b)      funeral costs;
      due to accidental bodily injury suffered by you or a relative
      while occupying your auto.

2.      incurred within one year after accident.

3.      up to the limit stated in the policy Declarations.

4.      regardless of who is at fault for the accident.

*Coverage Extensions*

**YOU AND A RELATIVE**

In addition, you and a relative are covered:

1.      While occupying a private passenger auto you do not own,
      while it was used as a temporary substitute of your auto.
      Your auto must be out of use because of:
      a.      breakdown;
      b.      repair;
      c.      servicing; or
      d.      loss.

2.      While occupying a private passenger auto newly acquired by
      you. This coverage applies only during the first 30 days you
      own the vehicle, unless it replaces your auto. If the newly
      acquired vehicle does not replace your auto, all household
      vehicles owned by you must be insured by us or an affiliate
      for the extension of coverage to apply.

3.      While occupying any other private passenger auto not owned
      by or furnished or available for regular use by you, a relative
      or a resident.

    4.       As pedestrians, if hit by [any] motor vehicle or trailer, which is not owned by or furnished or available for regular use by you, a relative or a resident other than your auto.

## OTHER PERSONS

Persons other than you and a relative are protected under this coverage while occupying:

1.       your auto when it is being used by:
        a)       you;
        b)       a relative; or
        c)       anyone else with your permission.

2.       a private passenger auto you do not own, while it is … used as a temporary substitute for your auto.  Your auto must be out of use because of:
        a)       breakdown;
        b)       repair;
        c)       servicing; or
        d)       loss.

3.       a private passenger auto newly acquired by you.  This coverage applies only during the first 30 days you own the vehicle, unless it replaces your auto.  If the newly acquired vehicle does not replace your auto, all household vehicles owned by you must be insured by us or an affiliate for this extension of coverage to apply.

4.       a private passenger auto that belongs to someone who is not a member of your household.
        a)       This protection applies only when the vehicle is being used by you.
        b)       This protection does not apply to:
             (1)     the regular use of any vehicle in the business or occupation of you.
             (2)     use of a motor vehicle furnished to you or a relative for regular use.

[(*Id*. at M1-M2 [emphasis deleted].)]

### *Uninsured Motorists*

9

**YOU AND A RELATIVE**

We will pay damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an  uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
1.      ownership;
2.      maintenance; or
3.      use;
of the uninsured motor vehicle.

**OTHER PERSONS**

We will also pay damages, including derivative claims, which are due [by law] to other persons who:

1.      Are not [a] named insured or an insured household member for similar coverage under another policy; and

2.      Suffer bodily injury while occupying:
        a)      your auto.
        b)      a motor vehicle you do not own, while it is used in place of your auto for a short time.

[(*Id.* at U1 [emphasis deleted].)]

*General Policy Conditions*

* * *

**8.  FRAUD AND MISREPRESENTATION**

a)      This policy was issued in reliance on the information you provide[d] at the time of your application for insurance coverage.  We may void this policy, deny coverage under this policy, or, at our election, assert any other remedy available under applicable law, if you, or any insured person seeking coverage under this policy, knowingly, or unknowingly concealed, misrepresented or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

b)      We may void this policy, deny coverage for an accident or

loss, or[,] at our election assert any other remedy available under applicable law, if any insured person or organization or any other person or organization seeking coverage under this policy has knowingly or unknowingly concealed or misrepresented any material fact or engaged in fraudulent conduct with respect to this insurance.

c)      Any person or organization who engages in fraudulent conduct in connection with the [application] process, an accident or filing a claim, or engages in any material misrepresentation regarding the issuance of this policy shall not be entitled to receive any payment under this policy at any time.

[(*Id.* at G1-G3 [emphasis deleted].)]

(Doc. 36 at 2-11 (second footnote omitted).)

Pursuant to the court's Summary Judgment Requirements, defendants' responses to Nationwide's Motion were due on or before December 10, 2009. (*See* Doc. 29, Ex. A at 1; Doc. 36.) Nevertheless, defendants Anthony Gray, Barbara Gray, and Kelvin Allen did not file their Response to Plaintiff's Motion for Summary Judgment until January 6, 2010, approximately one month after the court's deadline. (*See* Doc. 40.) After filing the Response, on January 7, 2010, defendants filed their Motion to Allow a Response to Plaintiff's Motion for Summary Judgment. (Doc. 41.) In response, on that same day, Nationwide filed an Opposition to Defendants' Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 45), as well as a Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43). Then, on January 19, 2010, Defendants Anthony Gray, Barbara Gray, and Kelvin Allen filed their Response to Nationwide's Motion to Strike Defendants['] Response to Nationwide's Motion for

11

Summary Judgment, and Defendant[s'] Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order.  (Doc. 48.)   Defendants also filed a Response to Nationwide's Opposition to Allow a Response to Plaintiff's Motion for Summary Judgment the same day.  (Doc. 49.)   Thereafter, on May 14, 2010, Nationwide filed a sur-reply to Defendants' Response to Nationwide's Opposition to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 55), a Reply to Defendants' Response to Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 57), as well as a Response to Defendants' Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order, (*see id.*).

Defendant Kelvin Gray likewise failed to file a response by the court's deadline. Instead, on January 11, 2010, counsel for defendant Kelvin Gray filed a Motion to Withdraw, (Doc. 47), which this court granted on January 21, 2010, (Doc. 50).  The court entered an Order resetting the hearing on Nationwide's Motion for Summary Judgment to May 18, 2010, and allowed defendant Kelvin Gray until March 8, 2010 to obtain new counsel.  (*Id.*) On March 8, 2010, new counsel for Kelvin Gray entered an appearance.  (Doc. 51.)  Then, on March 17, 2010, without filing a motion for leave to file outside of the court's deadline for responsive submissions, defendant Kelvin Gray filed his Response to Plaintiff's Motion for Summary Judgment.  (Doc. 52.)  In response, on May 14, 2010, Nationwide filed a Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment. (Doc. 56.)  The court held oral argument on the parties' motions on May 18, 2010.  (*See*

Docs. 38, 46, 50, & 56.)

## III. <u>DISCUSSION</u>

### A.   DEFENDANTS' MOTION TO ALLOW A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (DOC. 41)

In their Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, defendants Anthony Gray, Barbara Gray, and Kelvin Allen allege that Nationwide has engaged in multiple discovery abuses throughout the case. (*See* Doc. 41 at 1-2.) Specifically, defendants argue that they have requested to take the depositions of Nationwide's corporate representative, as well as the claims adjuster who handled the case, on several occasions, yet to date neither of these depositions have taken place. (*Id.* at 1.) Defendants also maintain that they have attempted to take the deposition of defendant Kelvin Gray, but have likewise been unsuccessful. (*Id.*)   As support, defendants attach several emails sent from defendants' counsel to counsel for Nationwide and counsel for Kelvin Gray. (*See id.* at Ex. 1.)   Defendants assert that they "felt that this information would further the better understanding of all the parties to this matter and allow the parties to find out more detailed facts concerning the incident made the basis of this claim." (*Id.* at 2.)   Also, defendants point out that if they "are not allowed to file their responsive pleading to [Nationwide's Motion for] Summary Judgment they will be denied their ability to protect themselves and prove the existence of genuine issues of material fact that would preclude summary judgment in this matter." (*Id.*)   For that reason, defendants ask that the court allow

their January 6, 2010 responsive submission.  (*Id.*)

In response, Nationwide claims that aside from the letters, counsel for defendants "took no further action or made no further effort to set those depositions," and moreover "never sent a letter setting forth the topics as to the corporate representative's deposition, so [Nationwide's] counsel never knew whom to designate." (Doc. 45 at 2.)  Nationwide also points out that defendants' counsel sent the last letter, dated December 22, 2009, "well beyond the time when discovery was permitted," "well after Nationwide had filed its Motion for Summary Judgment," and "well after the date when a responsive pleading was due." (*Id.*)  For these reasons, Nationwide asks that the court deny defendants' Motion to Allow a Response to Plaintiff's Motion for Summary Judgment.  (*Id.*)

In their reply, defendants reiterate that Nationwide's actions, by failing to schedule the depositions, "frustrated the Scheduling Order." (Doc. 49 at 1.)  Defendants contend that Nationwide also committed discovery abuses by filing the affidavits of its corporate representatives and/or claims adjusters in its Notice of Filing of Evidence in Support of Motion for Summary Judgment, (Doc. 37), more than a month after the Scheduling Order's deadline for conducting discovery; defendants point out that Nationwide had these affidavits notarized more than a month following the discovery deadline, (Doc. 49 at 2).  Additionally, defendants argue that while Nationwide contends they failed to set forth topics for the deposition of Nationwide's corporate representative, defendants did reference the case file number as to the underlying state court case with the deposition request, which defendants

14

contend "reasonably inform[ed Nationwide] about the matters for examination. (*Id.* at 3-4.) Therefore, defendants argue that good cause existed for their delay in filing their Response to Nationwide's Motion for Summary Judgment, and defendants therefore assert that the court should grant their Motion to Allow a Response to Plaintiff's Motion for Summary Judgment. (*Id.* at 5.) The court disagrees.

Particularly, despite defendants' allegations that Nationwide failed to cooperate in discovery,[6] defendants have failed to offer any excuse for the delay in filing their responsive submission. Primarily, if defendants had encountered problems in scheduling depositions, the proper recourse under the Federal Rules of Civil Procedure was for defendants to notify Nationwide that failure to cooperate in discovery would prompt the filing of a motion with the court, and, if Nationwide continued to stall, for defendants to thereafter file an appropriate motion. *See* Fed. R. Civ. P. 26, 30, 37, & 45. Defendants failed to do either. Defendants could also have noticed the deposition. In addition, defendants could have filed a motion prior to the deadline for their responsive submission, or even called the court's chambers, and asked the court to extend the relevant deadlines. Defendants again failed to do either. What's more, the court finds defendants' suggestion that their inability to schedule the depositions should somehow excuse their untimely responsive submission to Nationwide's Motion to be somewhat disingenuous; indeed, defendants filed their untimely

---

[6] The court notes that Nationwide offered no valid reason for failing to communicate with defendants' counsel regarding defendants' requests to depose Nationwide's corporate representative. Nevertheless, this does not excuse defendants' failure to timely file an opposition to Plaintiff's Motion for Summary Judgment.

Response to Plaintiff's Motion for Summary Judgment despite never taking the depositions.[7]

(*See* Doc. 40; Doc. 41 at 2.)  Accordingly, because defendants have failed to show good cause, much less extraordinary good cause, for their untimely filing, the court finds that defendants Anthony Gray, Barbara Gray, and Kelvin Allen's Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), is due to be denied.

**B.   NATIONWIDE'S MOTION TO STRIKE DEFENDANTS' RESPONSE TO NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT, (DOC. 43)**

Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment asks that the court strike defendants Anthony Gray, Barbara Gray, and Kelvin Allen's Response to Plaintiff's Motion for Summary Judgment, (Doc. 40), pursuant to Rule 16(f) of the Federal Rules of Civil Procedure,[8] (Doc. 43 at 1-3).  As support, Nationwide argues that defendants filed their Response to Plaintiff's Motion for Summary Judgment on January 6, 2010, almost one month subsequent to the deadline for filing a responsive submission; for that reason, Nationwide asserts that defendants' Response is due to be stricken pursuant to Fed. R. Civ. P. 16(f).  (*Id.*)  In response, defendants essentially reiterate the same arguments presented in their Motion to Allow a Response to Plaintiff's

---

[7] And, of course, Nationwide had no control with respect to defendants' inability to schedule the deposition of defendant Kelvin Gray.

[8] Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).

Motion for Summary Judgment, (Doc. 41), and in their Response to Nationwide's Opposition to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 49).  (*See* Doc. 48.) Thus, for the same reasons that defendants' Motion to Allow a Response to Plaintiff's Motion for Summary Judgment is due to be denied, *see supra* Part III.A, the court finds that Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, (Doc. 43), is due to be granted.

## C.   DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EVIDENCE THAT DOES NOT CONFORM TO THE SCHEDULING ORDER, (DOC. 48)

With their Response to Nationwide's Motion to Strike Defendants['] Response to Nationwide's Motion for Summary Judgment, defendants Barbara Gray, Anthony Gray, and Kelvin Allen also filed a Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order.  (Doc. 48.)  In the Motion, defendants request that the court strike "the affidavits of Nationwide Agent, Ashley Thames; Nationwide Claims Manager, Willie E. Thompson; and Nationwide Underwriter, Donna Crowley," i.e. exhibits fifteen and sixteen to Nationwide's Notice of Filing Evidence in Support of Motion for Summary Judgment, (Doc. 37), and exhibit seventeen to Nationwide's Supplemental Notice of Filing of Evidence in Support of Motion for Summary Judgment, (Doc. 39), arguing that the exhibits fail to comply with the court's Scheduling Order.  (Doc. 48 at 5.)  Specifically, defendants again point out that Nationwide had each of these affidavits notarized more than a month after the court's October 15, 2009 deadline to complete discovery.  (*Id.* at 2-4.)  Defendants therefore

assert that the affidavits are untimely, and that the court should strike the affidavits pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.  (*Id.* at 4-5.)  The court disagrees. Simply put, Ashley Thames, Willie E. Thompson, and Donna Crowley are employees of Nationwide, and, as a result, Nationwide's inclusion of their affidavits with its Notice of Filing Evidence in Support of Motion for Summary Judgment, (Doc. 37), and its Supplemental Notice of Filing of Evidence in Support of Motion for Summary Judgment, (Doc. 39), does not constitute discovery within the meaning of the court's Scheduling Order. Therefore, the fact that Nationwide had the affidavits notarized after the court's deadline to complete discovery is irrelevant.  Defendants' Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order, (Doc. 48), is therefore due to be denied.

**D.    NATIONWIDE'S MOTION TO STRIKE KELVIN GRAY'S RESPONSE TO NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT, (DOC. 56)**

In its Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment, as in its Motion to Strike Defendants' Response to Nationwide's Motion for Summary Judgment, *see supra* Part III.B, Nationwide argues that defendant Kelvin Gray filed an untimely response to Nationwide's Motion for Summary Judgment, and therefore the court should strike the response pursuant to Fed. R. Civ. P. 16(f).  (Doc. 56 at 2-3.)  The court agrees.  Not only did defendant Kelvin Gray fail to respond to Nationwide's Motion for Summary Judgment until March 17, 2010, approximately three months after the Scheduling Order's deadline, but defendant further failed to file a motion requesting leave

to file outside of the court's deadline for responsive submissions.[9]  Thus, Nationwide's

Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment,

(Doc. 56), is due to be granted.


E.      **NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT, (DOC. 36)**

As aforementioned, Nationwide filed this Declaratory Judgment action asking the

court to declare that it is not liable to Defendants for claims made pursuant to an automobile

insurance policy issued to defendant Barbara Gray.  Nationwide contends that it is entitled

to judgment as a matter of law on the following grounds:

> (1) Barbara Gray's failure to list her son Kelvin Gray as a resident of her home and/or a driver of the insured vehicle was a material misrepresentation on her application that voids the policy at issue;

> (2) Kelvin Gray and Anthony Gray cannot recover under the policy at issue because they failed to sit for Examinations Under Oath; and

> (3) The policy does not provide coverage for Anthony Gray's gunshot injury, which occurred outside the insured vehicle.

---

[9] That new counsel for defendant Kelvin Gray had not appeared until March 8, 2010 is immaterial.  Kelvin Gray's former attorney did not file his Motion to Withdraw until January 11, 2010.  (Doc. 47.)  Thus, as Nationwide points out, (*see* Doc. 56 at 2), the deadline for filing a responsive submission to Nationwide's Motion for Summary Judgment had already passed, and, as a result, Kelvin Gray had already waived his right to file a response, *see, e.g.*, *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007) ("When a litigant retains counsel, the client entrusts the attorney with the fiduciary duty of making certain strategic and tactical decisions about the case, decisions for which the client is accountable even when made without express authorization or approval-and, needless to say, even when they are bad decisions.") (footnote omitted); *see also* 74 C.J.S. *Attorney & Client* § 282 (2009) ("[T]he substitution of attorneys does not in and of itself vacate the prior attorney's actions.  The substituted attorney and the client remain bound by the actions of the first attorney . . . .") (footnotes omitted).

(*See* Doc. 36 at 11-22.)[10]

As set forth above, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id.* at 322-23; *see* Fed. R. Civ. P. 56(a) and (b).  Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.  *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004) (citing *United*

---

[10] Nationwide also argues that it is entitled to judgment as a matter of law as to Kelvin Gray's Counterclaim Complaint, (Doc. 32).  (*See* Doc. 36 at 22-29.)  However, because the court has already dismissed the Counterclaim Complaint by separate Order, (*see* Doc. 54), Nationwide's argument need not be addressed herein.

*States v. One Piece of Prop.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

Applying these standards and reviewing the record and the relevant case law, the court concludes that Nationwide, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.  Defendants have not come forward with ***any*** evidence in response to this showing.  Thus, they have failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *see Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)), and the record demonstrates that summary judgment in favor of Nationwide is warranted.

For all that, it is important to note that even if the court considered the responsive submissions of defendants Barbara Gray, Anthony Gray, Kelvin Allen, and Kelvin Gray, the result would be the same.  Indeed, Nationwide's Motion for Summary Judgment sets out twenty-two separate paragraphs of purportedly undisputed facts.  (Doc. 36 at 2-11.)  The Scheduling Order sets out specific requirements for the opposing party's statement of facts, providing in pertinent part that:

> The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts.  The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts.  Any statements of facts that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.  *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Doc. 29, Ex. A at 4.)  Defendants Barbara Gray, Anthony Gray, and Kelvin Allen's

Response to Plaintiff's Motion for Summary Judgment does not comply with the Scheduling Order's requirements; defendants' brief includes only a general, six paragraph responsive statement of facts, which does not specifically address Nationwide's Statement of Undisputed Facts. (*See* Doc. 40 at 2-3.) Thus, pursuant to the Scheduling Order, even if the court considered defendants' submission, Nationwide's Statement of Undisputed Facts would remain admitted for purposes of summary judgment. (*See* Doc. 29, Ex. A at 4.) In addition, defendant Kelvin Gray's Response to Plaintiff's Motion for Summary Judgment expressly admits each of Nationwide's twenty-two paragraphs. (Doc. 52 at 2-3.)

What's more, even if the aforementioned deficiencies did not resolve the issue, it remains that nowhere do any of the defendants adequately dispute that Kelvin Gray was a driver who regularly operated the vehicle, as stated in paragraph thirteen of Nationwide's Statement of Undisputed Facts. (*See* Doc. 36 at 5.) In fact, defendant Kelvin Gray admits this fact. (Doc. 52 at 3.) And, although defendants Barbara Gray, Anthony Gray, and Kelvin Allen allege that "there is a material dispute as to whether [Kelvin Gray] continued to regularly operate the vehicle after his father's death," the two exhibits offered by defendants simply do not support their allegation; instead, defendants' exhibits support the opposite. (*See* Doc. 40, Ex. A at 7; Ex. B at 2.) In the first exhibit, an interview of Kelvin Gray, Kelvin Gray admitted that he drives the vehicle "every night," and later clarified that he drives it "a few times a week," affirming that he drives it approximately three or four times a week. (Doc. 40, Ex. A at 7.) In the second exhibit, an affidavit of Kelvin Gray, Kelvin Gray again

22

acknowledged that he and his mother "both drove the Lancer," and that they "both drove the vehicle." (*Id.*, Ex. B at 2.) The insurance application at issue explicitly states that "[f]ailure to disclose a driver . . . will be considered material misrepresentation and may constitute grounds for denial of coverage." (Doc. 37, Ex. 5 at 5.) Still defendant Barbara Gray initialed that "[a]ll operators and drivers who may operate the vehicle(s) identified in this application . . . have been disclosed and listed on this application," despite the fact that she failed to list Kelvin Gray as a driver. (*Id.* at 2, 6.) And, to be sure, the insurance policy provides that Nationwide "may void this policy, deny coverage under this policy, or, at our election, assert any other remedy available under applicable law, if you . . . knowingly, or unknowingly concealed, misrepresented or omitted any material fact or engaged in fraudulent conduct at the time the application was made." (Doc. 37, Ex. 4 at G2.) Thus, defendant Barbara Gray's failure to list Kelvin Gray as a driver on the insurance application constitutes an independent and undisputed ground for Nationwide's denial of coverage, and for the court's granting of Nationwide's Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Nationwide's Motion for Summary Judgment, (Doc. 34), is due to be granted, Defendants['] Motion to Allow a Response to Plaintiff's Motion for Summary Judgment, (Doc. 41), is due to be denied, Nationwide's Motion to Strike Defendants' Response to Nationwide's Motion for Summary

Judgment, (Doc. 43), is due to be granted, Defendant[s'] Motion to Strike Plaintiff's Evidence that does not Conform to the Scheduling Order, (Doc. 48), is due to be denied, and Nationwide's Motion to Strike Kelvin Gray's Response to Nationwide's Motion for Summary Judgment, (Doc. 56), is due to be granted.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

      **DONE** this 1st day of June, 2010.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE